

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2007

# Green v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5022

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Green v. Williamson" (2007). *2007 Decisions.* Paper 922.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/922

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-237                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5022
_____

CHRISTOPHER T. GREEN,
                                    Appellant,

v.

TROY WILLIAMSON, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-02164)
District Judge: Honorable Malcolm Muir
_____

Submitted Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 17, 2007

Before:   RENDELL, SMITH AND JORDAN, <u>CIRCUIT JUDGES</u>

(Filed: June 18, 2007)

_____

OPINION
_____

PER CURIAM

    Appellant Christopher Green, a federal prisoner incarcerated at the United States

Penitentiary in Lewisburg, Pennsylvania, filed a petition for writ of habeas corpus in

United States District Court for the Middle District of Pennsylvania, in which he revealed

that he was indicted for "11 Counts Capital Murder" in United States District Court for the District of New Jersey, and that he pleaded guilty. Green is serving a life sentence with no possibility of parole, according to Bureau of Prison documents attached to his petition. Green has served his sentence continuously in maximum security facilities. He alleged in his habeas corpus petition that he is entitled to be transferred to a medium or low security facility nearer his relatives, because he has had only two misconducts, one for a fight and the other for destruction of government property, and other inmates with a similar history have received such a transfer. Moreover, he has a liberty interest in the transfer under BOP Program Statement 5100.07.

Prior to filing the habeas corpus petition, Green petitioned Warden J. W. Booker, requesting a transfer to a medium level facility closer to his family. The Warden denied the request, reasoning as follows: "The Public Safety Factor for Sentence Length is applied to inmates who are serving more than 300 months or a Life sentence. The Public Safety Factor can be waived with good cause; however, the North Central Regional Office has established a criteria that an inmate must serve 10 years with good institutional adjustment to be eligible for transfer...."

Green appealed to Regional Director D. Scott Dodrill, but his appeal was denied. Director Dodrill reasoned that Program Statement 5100.07 permits prison staff some measure of discretion in weighing the factors that might support transfer to a medium security facility, but, based on (1) the seriousness of Green's violent offense *and* (2) the

2

fact that he had not maintained clear conduct since his incarceration, the Warden's judgment in denying the transfer was sound. Both the Warden and Regional Director noted that Green would be reviewed for a Public Safety Factor waiver once he maintained a substantial period of clear conduct. Green's appeal to the Central Office was rejected, again on the ground that the Warden had properly exercised his discretion.

The instant habeas corpus action followed. In an order entered on November 30, 2006, the District Court summarily denied the petition. The court concluded that Green's claim of a cognizable liberty interest in a transfer to a medium security facility lacked merit. Moreover, to the extent he was raising an equal protection challenge, his petition failed to allege discrimination on the basis of an impermissible factor. The court then denied Green's timely motion for reconsideration.

Green appeals. The Legal Division of our Clerk's Office advised him that we might act summarily to affirm. We have jurisdiction under 28 U.S.C. § 1291. Green did not submit an amended notice of appeal following the denial of his motion for reconsideration and thus our review is limited to the order denying his habeas petition, Fed. R. App. Pro. 4(a)(4)(B)(ii).

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. The habeas petition lacks merit for the reasons given by the District Court. Neither Bureau of Prisons policy nor the Due Process Clause gives a prisoner a liberty interest in a particular

3

housing location or custody level while under the jurisdiction of correctional authorities. See, e.g., Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). In the prison setting liberty interests will generally be limited to freedom from restraint which, while not exceeding the sentence, "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Green did not allege that he has suffered atypical and significant hardship at USP-Lewisburg. In addition, he failed to show that inmates who receive a transfer to a medium security facility were otherwise "similarly situated" to him with respect to the seriousness of his offense and, thus, he failed to make out an equal protection claim. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).

We will summarily affirm the order of the District Court denying the petition for writ of habeas corpus.